B104 (FORM 104) (08/07)          EDVA

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Humberto Quintana and Sonja Quintana | **DEFENDANTS**<br>U.S. Bank National Association, Specialized Loan Servicing LLC, and David N. Prensky, Trustee |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Robert B. Duke Jr.<br>America Law Group, Inc.<br>2312 Boulevard Colonial Heights, VA 23834 (804) 520-2428 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to Determine Validity, Priority, or Extent of Lien Pursuant to 11 U.S.C. Section 506(a).

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☑ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought
Order declaring that lien on property in favor of Defendant by way of Deed of Trust is wholly unsecured, requiring Defendant to file its proof of claim to reflect an unsecured interest, and requiring Defendant to release its Deed of Trust lien on the property.

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Humberto Quintana and Sonja Quintana | BANKRUPTCY CASE NO.<br>14-35302-KLP | |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Virginia | DIVISION OFFICE<br>Richmond | NAME OF JUDGE<br>Keith L. Phillips |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Robert B. Duke Jr. | | |
| DATE<br>12/19/14 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Robert B. Duke Jr. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

IN RE:                                                             Case No.: 14-35302-KLP
HUMBERTO QUINTANA,
SONJA QUINTANA,                              Chapter 13

                                                          Debtor(s).

HUMBERTO QUINTANA,
SONJA QUINTANA,

                                                     Plaintiffs,

v.                                                          Adversary Proceeding No._____

U.S. BANK NATIONAL ASSOCIATION,
SPECIALIZED LOAN SERVICING LLC,
DAVID N. PRENSKY, TRUSTEE,

                                                    Defendants.

Serve:

    U.S. BANK NATIONAL ASSOCIATION
    ATTN: RICHARD K. DAVIS, PRESIDENT
    425 WALNUT STREET
    CINCINNATI, OH 45202
    (By Certified Mail, Return Receipt Requested)

    U.S. BANK NATIONAL ASSOCIATION
    C/O CT CORPORATION SYSTEM
    4701 COX ROAD, SUITE 285
    GLEN ALLEN, VA 23060

    WEINSTEIN & RILEY, P.S.
    C/O DANIEL ROSS
    2001 WESTERN AVE. #400
    SEATTLE, WA 98121

    MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
    C/O SHARON HORSTKAMP
    1818 LIBRARY STREET STE. 300
    RESTON, VA 20190

    SPECIALIZED LOAN SERVICING LLC
    C/O CAPITOL CORPORATE SERVICES, INC.

    10 S. JEFFERSON ST. STE. 1400
    ROANOKE, VA 24011

    DAVID N. PRENSKY, TRUSTEE
    5225 WISCONSIN AVENUE, NW
    SUITE 500
    WASHINGTON, DC 20015

## COMPLAINT TO DETERMINE VALIDITY, EXTENT, AND PRIORITY OF LIEN PURSUANT TO 11 U.S.C. §506(a)

COME NOW the Plaintiffs, Humberto Quintana and Sonja Quintana, by counsel, and presents this Complaint to Determine the Validity, Extent, and Priority of Lien held by U.S. Bank National Association, pursuant to 11 U.S.C. §506(a), and in support thereof states as follows:

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157.

2.    This proceeding is a core proceeding as defined in 28 U.S.C. §157(b)(2)(B) and (K).

3.    On October 1, 2014, Humberto Quintana and Sonja Quintana (hereinafter "Plaintiffs") filed for relief under Chapter 13 of the Bankruptcy Code and Robert E. Hyman was appointed as the Trustee in the Plaintiffs' case.

4.    This Complaint is filed pursuant to Local Bankruptcy Rule 7001 to determine the validity, extent, and priority of a lien or other interest in property.

5.    Plaintiffs are the Debtor(s) in the associated Chapter 13 bankruptcy case now pending before this Court.

6.    The Defendant, U.S. Bank National Association, is a corporation authorized to do business in the Commonwealth of Virginia.

7.    The Defendant, Specialized Loan Servicing LLC, is the servicer of this loan and a corporation authorized to do business in the Commonwealth of Virginia.

8.      The Defendant, David N. Prensky, is the Trustee under a certain Deed of Trust dated March 2, 2007, made by Plaintiffs for the benefit of Nationpoint, which was recorded in the Circuit Court of Chesterfield, VA on March 5, 2007 as Instrument #13859.

9.      Upon information and belief, Nationpoint transferred ownership of this loan to U.S. Bank National Association (hereinafter "Defendant").

10.      That at the time of the filing of the petition in this case, and now, Plaintiffs are the owners of certain real property, which is known as 8724 South Boones Trail Road Richmond, Virginia 23236, (hereinafter "the Property"), and more particularly known as:

> ALL that certain lot, piece or parcel of land, with improvements thereon and appurtenances thereunto belonging, lying and being in Chesterfield County, Virginia, and designated as Lot 15, Section B, Jacobs Glen, on subdivision plat by Balzer & Associates, dated January 20, 1993, recorded June 16, 1993, in the Clerk's Office, Circuit Court, Chesterfield County, Virginia, in Plat Book 81, pages 25-26, to which reference is hereby made for a more particular description.
>
> BEING the same real estate conveyed to Grantor(s) by Deed recorded immediately prior to and simultaneously herewith.

11.      That as of the time of the filing of Plaintiffs' bankruptcy petition, the County of Chesterfield assessed the Property at $203,600.00. A copy of the County of Chesterfield real estate tax assessment is attached hereto as Exhibit "A".

12.      That the Deed of Trust held by Defendant secures a second Deed of Trust, a copy of which is attached hereto as Exhibit "B" which at the time of filing had a pay-off of approximately $31,057.00, a copy of the Payment Statement dated August 13, 2014 is attached hereto as Exhibit "C".

13.      The said Defendant's Deed of Trust is subordinate to a purchase money first Deed of Trust held by the Defendant, a copy of which is attached hereto as Exhibit "D", which at the time of filing had a pay-off of approximately $243,519.70, a copy of the Proof of Claim being attached hereto as Exhibit "E", an amount in excess of the value of the Property.

14. That based on the foregoing, the lien held by Defendant is wholly unsecured pursuant to 11 U.S.C. §506(a).

**WHEREFORE** the Plaintiffs respectfully pray that this Court:

A. declare the lien on the Property in favor of Defendant by way of the Deed of Trust wholly unsecured;

B. declare that the said lien on the Property in favor of Defendant is hereby avoided and stripped off as being unsecured;

C. order Defendant to file or amend its Proof of Claim to reflect its unsecured interest;

D. order Defendant to release its Deed of Trust lien against the Property; and

E. award Plaintiffs such other and further relief as is deemed just and proper.

HUMBERTO QUINTANA
SONJA QUINTANA

By: /s/ Robert B. Duke Jr.
Robert B. Duke Jr., VSB#74070
AMERICA LAW GROUP, INC.
DBA THE DEBT LAW GROUP, P.L.L.C.
2312 Boulevard
Colonial Heights, VA 23834
Ph:  (804) 520-2428
Fax: (804) 318-3806
Counsel for Debtor(s)/Plaintiffs